# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DUROY HENDERSON** and **MARILYN HENDERSON,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY** as Trustee under Pooling and Serving Agreement dated as of May 1, 2007 Securitized Asset Back Receivables LLC Trust 2007-BR4 Mortgage Pass-Through Certificates, Series 2007-BR4, **PALM AUTO PLAZA, INC.** d/b/a **PALM BEACH TOYOTA, STATE OF FLORIDA DEPARTMENT OF REVENUE, HUGHES SUPPLY, INC.** d/b/a **FLORIDA PIPE & SUPPLY CO.**, Unknown Parties in Possession #1, Unknown Parties in Possession #2; If living, and all Unknown Parties claiming by, through, under and against the above named Defendant(s) who are not known to be dead or alive, whether said Unknown Parties may claim an interest as Spouse, Heirs, Devisees, Grantees, or Other Claimants,
Appellees.

No. 4D13-1780

[ February 11, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Judge; L.T. Case No. 502007CA020031.

James A. Bonfiglio, Boynton Beach, for appellants.

Eve Cann of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Fort Lauderdale, for Appellee-Deutsche Bank.

PER CURIAM.

The borrowers, Duroy and Marilyn Henderson, appeal a final judgment of foreclosure entered after a bench trial. Because Deutsche Bank failed to prove its entitlement to foreclose, we reverse the final judgment. Without further comment, however, we find that the trial court did not err in denying relief on the borrowers' counterclaim under the Truth in Lending Act.

As a preliminary matter, the record reflects—and Deutsche Bank concedes—that Deutsche Bank's witness's testimony regarding the loan

payment history did not satisfy the business records exception to the hearsay rule. Therefore, the trial court erred in admitting the evidence regarding the loan payment history. *See, e.g., Glarum v. LaSalle Bank Nat'l Ass'n,* 83 So. 3d 780, 781-83 (Fla. 4th DCA 2011).

Furthermore, the evidence at trial was insufficient to prove that Deutsche Bank had standing to enforce the promissory note at the time the complaint was filed. Deutsche Bank seems to concede this point, acknowledging in its answer brief that "[t]he witness also appeared unable to confirm that [Deutsche Bank] had the right to enforce the note and mortgage prior to the filing of the subject foreclosure action." Because Deutsche Bank failed to prove it had standing to foreclose at the inception of the case, we reverse the final judgment of foreclosure and remand for the trial court to enter an involuntary dismissal of the complaint. *See, e.g.*, *Klemencic v. U.S. Bank Nat'l Ass'n,* 142 So. 3d 983, 984 (Fla. 4th DCA 2014).

*Reversed and Remanded as to foreclosure judgment; Affirmed as to denial of relief on counterclaim.*

DAMOORGIAN, C.J., TAYLOR and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2